Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California
707-318-9929 emergency cell
ronc2009@gmail.com
Plaintiff In Pro Se



FILED
NOV 14 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV16  6587

RONALD CUPP ) CASE NO:
)
　　Plaintiff, ) COMPLAINT FOR DAMAGES
)
　　vs. ) VIOLATION OF 47 USC 227 *et seq.* TCPA;
) VIOLATION OF 15 USC 1692 *et seq.* FDCPA;
THE AFFILIATED GROUP, INC. ) VIOLATION OF CALIFORNIA ROSENTHAL
) FAIR DEBT COLLECTION PRACTICES ACT
　　Defendant. ) CC 1788 *et seq.*
)
)
) DEMAND FOR TRIAL BY JURY

## COMPLAINT PRELIMINARY STATEMENT

Plaintiff, RONALD CUPP (hereinafter "CUPP"), individually hereby sues THE AFFILIATED GROUP, INC. hereinafter ("AFFILIATED") for violations of the TCPA 47 USC §227, violations of the FDCPA 15 USC §1692, and the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788.

This is an action for damages brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A), Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A)(iii), Fair Debt Collection Practices Act (FDCPA) 15 USC §1692g, §1692e(8), §1692e(10), the California Rosenthal Fair Debt Collection Practices Act (CFDCPA).

---

COMPLAINT FOR DAMAGES　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

Plaintiff contends that the Defendant has violated the following laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt, and this debt is allegedly owed by another person, and willfully and intentionally called Plaintiffs emergency cell phone.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. §1331, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), California Stat. § 1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant conduct business in the state of California and therefore, personal jurisdiction is established.

2. Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendant transact business here, and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, "CUPP" is a natural person and is a resident of Sonoma County, California.

4. Upon information and belief Defendant, THE AFFILIATED GROUP, INC. hereinafter ("AFFILIATED") is a corporation doing business under the trade name AFFILIATED CREDIT SERVICES, authorized to do business in California, with main Corporate Office at 7381 AIRPORT VIEW DR SW, ROCHESTER, MN 55902; with CT CORPORATION SYSTEM acting as Agent for Service of Process at 818 WEST SEVENTH ST STE 930, LOS ANGELES, CA 90017.

## FACTUAL ALLEGATIONS

5. Plaintiff "CUPP" first received a call from Defendant ("AFFILIATED") on March 16, 2015. "CUPP"'s emergency cell phone rang, "CUPP" answered it. There was dead silence. After a moment a click was heard and a woman's voice came on. The woman identified herself as Vicky Miller of AFFILIATED CREDIT SERVICES, a debt collector calling for a RANDALL CUPP (not Plaintiff "CUPP") regarding a PGE account number 6091774095 in the amount of $2,411.68 RANDALL CUPP owed for PGE services to his house.

6. Plaintiff alleges ("AFFILIATED") is a debt collector, and is attempting to collect a debt, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

7. Plaintiff is a consumer as the purported debt Defendant ("AFFILIATED") has also been attempting to collect is a consumer debt, from a purported person by the name of RANDALL CUPP.

8. Referring to the preceding paragraphs, because Defendant ("AFFILIATED") is an entity which is attempting to collect consumer debts from Plaintiff which Plaintiff did not incur; brings Defendant ("AFFILIATED") within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 ("CFDCPA").

9. Plaintiff has no prior or present established relationship with the Defendant ("AFFILIATED").

10. Plaintiff has no contractual obligation to pay Defendant ("AFFILIATED").

11. Plaintiff has never given Defendant ("AFFILIATED") Plaintiff's cell phone number.

12. Plaintiff has never given Defendant ("AFFILIATED") express permission to call Plaintiff's cellular phone.

13. Defendant ("AFFILIATED") has never validated or verified the debt per 15 U.S.C. 1692g, but continues to attempt to collect this disputed debt.

14. From March 16, 2015 to April 14, 2016, Defendant ("AFFILIATED") called "CUPPS" emergency cell, **_from phone numbers_** 707-230-5280 & 707-230-5284, a total of six (6) times.

15. On all the above referenced calls to Plaintiffs cellular phone, Defendant ("AFFILIATED") asserted a right which it lacks, to wit, the right to enforce a debt against Plaintiff.

16. On all the above referenced calls to Plaintiffs cellular phone, Defendant ("AFFILIATED") trespassed on Plaintiff and Plaintiff incurred an injury as his peace was disturbed, Plaintiffs personal time was wasted, Plaintiff was charged for the call, Plaintiffs wear and tear of his emergency cell phone and wear of his battery incurred.

17. Plaintiff has Article III standing.

18. On October 8, 2016 "CUPP" wrote to ("AFFILIATED") via CERTIFIED MAIL 7014 1820 0000 0454 4864 via their Agent for Service of Process, with a notice of intent to commence an action giving ("AFFILIATED") a chance to mitigate their damages.

## FIRST CAUSE OF ACTION
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANT ("AFFILIATED").**

19. Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

20. This damage is for the calls from Defendant ("AFFILIATED") to Plaintiffs emergency cell phone as a total of 6 individual violations of statute. As a separate and distinct damage and cause of action, Defendant ("AFFILIATED") has demonstrated intentional and willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by violating strict liability statute; by the following.

47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

21. Defendant ("AFFILIATED") has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
§ 227(b)(1)(A) making a call without an emergency purpose.
§ 227(b)(1)(A) making a call without prior express (written) consent.
§ 227(b)(1)(A) making a call using automatic telephone dialing system.
§ 227(b)(3)(B) making a call without an established business relationship.
§ 227(b)(1)(A)(iii) making a call for which Plaintiff is charged for the call.
§ 227(b)(1)(A)(iii) making a call without permission to call CUPPS cellular telephone.

22. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

23. Defendant ("AFFILIATED") has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's emergency cell number. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was knowingly intentional and willful.

24. Plaintiff and ("AFFILIATED") do not have within the meaning of 47 U.S.C. §227 (1) an established business relationship, (2) Plaintiff did not give ("AFFILIATED") his personal emergency cell phone number, (3) ("AFFILIATED") did not have express permission to call Plaintiffs emergency cell phone, (4) Plaintiff was charged for the call. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against ("AFFILIATED") for statutory damages of $9,000.00 plus attorney's fees and costs, pursuant to 47 U.S.C §227.

### SECOND CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq.* BY DEFENDANT ("AFFILIATED").

25. Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

26. Plaintiff is a consumer within the meaning of 15 USC 1692a(3).

27. Defendant ("AFFILIATED") is a debt collector within the meaning of 15 USC 1692a(6); since Defendant ("AFFILIATED") is attempting collection of a debt from Plaintiff who is NOT A CUSTOMER OF ("AFFILIATED") nor ("AFFILIATED") client, PGE.

28. Defendant ("AFFILIATED") violated the FDCPA, Defendant ("AFFILIATED") violations include, but are not limited to: the following:

   a. Defendant ("AFFILIATED") violated 15 USC §1692g, by failing to cease collection until they validate or verify the debt.
   b. Defendant ("AFFILIATED") violated 15 USC §1692e(8), by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
   c. Defendant ("AFFILIATED") violated 15 USC §1692e(10), by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. Defendant ("AFFILIATED") continued collection of the debt.

**WHEREFORE,** Plaintiff demands judgment for damages against ("AFFILIATED") for statutory damages OF $1,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## THIRD CAUSE OF ACTION
**VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq*. BY DEFENDANT ("AFFILIATED").**

30. Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

31. Plaintiff is a consumer within the meaning of 15 USC 1692 *et seq.*

32. Defendant ("AFFILIATED") is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. §1788.10(f).

33. The account in question is a consumer credit transaction ad defined by Cal. Civ. §1788.2(e) as Plaintiff has allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

34. Defendant ("AFFILIATED") has damaged Plaintiff by violations of CCC 1788 as follows:

a. § 1788.10(c) debt collector knows will defame the debtor.
b. § 1788.10(f) threat to take action which is prohibited by this title.
d. § 1788.11(e) constitute an harassment.
e. § 1788.17 shall comply with provisions of 1692b to 1692j; subject to 1692k.

**WHEREFORE,** Plaintiff demands judgment for damages against ("AFFILIATED") for statutory damages of $1,000.00, attorney's fees pursuant to §1788.30(b) and costs, pursuant to §1788.30(c).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

November 8, 2016

Respectfully submitted:

*[signature]*

RONALD CUPP
Plaintiff pro se

COMPLAINT FOR DAMAGES                                                    Page 8